(71 App. Div. 606.)

## In re NEWCOMB'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

TRANSFER TAX—NONRESIDENT DECEDENT—CORPORATE STOCK.

Under Laws 1896, c. 908, § 220, imposing a tax on the transfer of any property within the state of the value of $500 or over, or interest therein, by will or intestate law, the decedent being a nonresident of the state, where stock in a domestic corporation was purchased for a resident of New Orleans by brokers, to whom the stock was transferred on the book of the corporation and certificate issued, and who indorsed their names on the blank transfer printed on the certificate and delivered it to their principal, who died while the certificate was in such condition, such stock is subject to the transfer tax.

Appeal from surrogate's court, New York county.

Proceedings to fix the amount of the property of Josephine Louise Newcomb, deceased, subject to a transfer tax. From a decree of the surrogate fixing such amount, the executors appeal. Affirmed.

See 72 N. Y. Supp. 58.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

James McConnell, for appellants.
Julius Offenbach, for respondent.

INGRAHAM, J. The question presented on this appeal is as to whether certain shares of stock of domestic corporations was subject to a transfer tax upon the death of the testatrix. This proceeding was instituted by the petition of the executors, which alleged that on the 8th day of April, 1901, the testatrix, a resident of the city of New Orleans, La., departed this life at New York City, N. Y., leaving a last will and testament, duly admitted to probate in New Orleans, leaving property in this state subject to the payment of the tax imposed by the law in relation to taxable transfers of property. Upon this petition an order was entered referring it to one of the appraisers to fix a fair market value of the property subject to taxation. It appeared before the appraiser that there were certain shares of stock of domestic corporations which had come into their hands as such executors; that the certificates of such shares were not in the state of New York at the time of the testatrix's death; that the shares were not in the name of the testatrix; that these stocks had been purchased for the testatrix by Pomeroy Bros., stockbrokers in the city of New York, and were paid for by her, the stock having been transferred upon the books of the corporation to Pomeroy Bros., who thereupon indorsed their name upon the blank transfer printed upon the said certificates, so that the same could be transferred to the testatrix, and the same, so indorsed, were then delivered by Pomeroy Bros. to the decedent. It is conceded that, if this stock had stood in the name of the testatrix at the time of her death, it would have been property within this state subject to taxation. It is claimed by the executors, however, that, as the stock stood in the name of Pomeroy Bros., and not in the name of the testatrix, she, not holding the legal title to the stock at the time of her death, was

not the owner of the stock, but had merely a cause of action to require the stock to be transferred, and this cause of action, not being property within this state, was not subject to taxation. The provision of the tax law under which the comptroller claims that this property is taxable (section 220 of chapter 908 of the Laws of 1896) reads as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $500 or over, or of any interest therein, or income therefrom, when the transfer is by will or intestate law, of property within the state, and the decedent was a non-resident of the state at the time of his death."

It is now settled that the interest of a decedent in domestic corporations represented by certificates of stock is property within the state, within the meaning of the transfer tax act, and therefore subject to taxation. In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707. Whether this testatrix held the legal title to this property, or an equitable title, which at any time she could have transformed into the legal title by simply presenting the certificates to the officers of the corporations, it was an interest in property which passed by her will, and which was taxable. By the purchase of the stock of these domestic corporations and receiving the certificates therefor, she at least became the equitable owner of the stock. She was entitled at any time to become vested with the legal title, and certainly this equitable title was something more than a mere chose in action. It was, in effect, a property interest in these domestic corporations which could be bought and sold, and which passed by her will. To say that this equitable title to shares of stock in a domestic corporation is not property would be to subordinate the substance to a mere technicality, which was expressly disapproved by the court of appeals in Re Houdayer's Estate, 150 N. Y. 37, 44 N. E. 718. This property right in these corporations was in this state, because the property of the corporations was located here. While the equitable title could be transferred without the transferee coming to this state, such an equitable transfer was valuable only because of the fact that on coming to this state and presenting the certificates, with the proper transfer, to the corporation whose stock was represented, the transferee could obtain a legal title to the stock. In the Houdayer Case the conclusion of the court was that a deposit of money in a bank in this state by a nonresident, although technically a debt, is still money for all practical purposes, and as such is taxable under the transfer tax act. Certainly, if a deposit of money in a bank in this state by a nonresident, where the technical relation that exists is one simply of debtor and creditor between the nonresident and the bank, is money for all practical purposes, and taxable in this state, the equitable right to shares of stock in a domestic corporation is for all practical purposes property in this state. We are, as we have been told by the court of appeals, to look at the practical, not the mere technical, ownership to determine whether or not a right which passes under a will is property within this state; and, irrespective of just what right this testatrix acquired when she purchased the stock of New York corporations, furnished the consideration which was paid for it, and received

from her agents the certificates of stock, with the necessary instruments of transfer which enabled her at any time, upon presentation of such certificates, to have them transferred in her name upon the books of the corporations, she was, for all practical purposes, the owner of that stock, and as such the title thereto passed to her executors upon the probate of her will and upon the issuance of letters to them, and it is this transfer of property of domestic corporations which is taxable by the law of this state.

It follows that the order appealed from should be affirmed, with costs.    All concur.